# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4128-19

N.S.,

    Plaintiff-Respondent,

v.

J.M.W.,

    Defendant-Appellant.

_____

        Submitted March 16, 2021 – Decided April 1, 2021

        Before Judges Fisher and Gilson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-2272-20.

        Dwyer, Bachman, Newman & Solop, attorneys for appellant (Howard A. Bachman, of counsel and on the brief; Lauren Conway, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Plaintiff N.S. (Nancy)[1] commenced this action under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, alleging defendant J.M.W. (Jack) sent a group text message that forwarded a video clip of he and Nancy engaging in sexual intercourse. Jack sent the video not only to Nancy but to her parents as well. At the start of the final hearing, the parties stipulated their dating relationship was encompassed by the Act, N.J.S.A. 2C:25-19(d), and that Jack committed the predicate act of harassment, N.J.S.A. 2C:33-4, by sending the sexually explicit video to Nancy's parents. That left to be decided only the so-called second Silver[2] factor: whether a final restraining order was needed to prevent future domestic violence. N.J.S.A. 2C:25-29(b).

After a brief hearing at which both parties testified, the judge found the second Silver factor was established, and he entered a final restraining order in Nancy's favor. Jack appeals, arguing:

> I. THE TRIAL COURT ERRED IN FAILING TO MAKE CREDIBILITY DETERMINATIONS REGARDING THE PARTIES' TESTIMONY.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A FINAL RESTRAINING ORDER WAS NECESSARY TO PROTECT THE PLAINTIFF FROM FURTHER ABUSE.

---

[1] The names we use are fictitious to protect the parties' privacy.

[2] Silver v. Silver, 387 N.J. Super. 112, 126 (App. Div. 2006).

A-4128-19

We find insufficient merit in these arguments to warrant further discussion, R. 2:11-3(e)(1)(E), and add only a few brief comments.

In rejecting Jack's first point, we agree that the judge did not express a definitive view about the witnesses' credibility. But it is also clear such findings would not have been critical as there were no material disputes about the second Silver prong.

In rejecting the second point, we note that the experienced judge recognized the second prong turned on the likelihood that the parties might come into unexpected contact and the potential for future harassment of a similar nature. The judge found the former because of the undisputed fact that the parties will soon be working in the same field. While it is true Nancy returned to school in Massachusetts, her plan on completing her course of studies was to come back to New Jersey and enter the same field in which Jack also works. So, the judge was rightfully concerned about the potential for future encounters. He also referenced the ease with which similar harassing communications may be made.

Despite Jack's self-serving protestations that nothing like this would ever occur again, the judge's determination that the evidence supported a finding on the Silver second prong is entitled to our deference. We would add that it is a

3

mistake to assume <u>Silver</u> compels an express finding on the second prong in all cases. In fact, in many cases the need for a final restraining order "to prevent further abuse," N.J.S.A. 2C:25-29(b), is "self-evident." <u>Silver</u>, 387 N.J. Super. at 127; <u>see also</u> <u>S.K. v. J.H.</u>, 426 N.J. Super. 230, 233 (App. Div. 2012). The emphasis on the second prong usually arises when the predicate act is some form of verbal harassment. The act that occurred here was made possible through the use of technology that may be effortlessly repeated. Implicit in the judge's findings was his desire to relieve Nancy of any further concern about a repeat occurrence. We agree that these circumstances were sufficient to support the second <u>Silver</u> prong and that Nancy's need for restraints was self-evident in light of what had already admittedly occurred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4128-19